MR. JUSTICE MORRISON,
dissenting:
I dissent.
The appellant, John W. Webb, had, in the past, obtained financing from the defendant, First National Bank of Hinsdale, for the purpose of buying cattle. Eventually Webb changed banks and began financing his cattle buying operation through the First State Bank of Malta. At the time he changed banks he owed the Hinsdale Bank $29,000 with interest from January 25, 1978. This note was secured by four semitrailers. On November 7, 1978, Webb sold cattle to the Glasgow Livestock Sales Company and received a check for those cattle in the amount of $30,389.00 The check was made payable to Webb, the First State Bank of Hinsdale and to the First State Bank of Malta. The First State Bank of Hinsdale had its name put on the check without Webb’s consent apparently to secure the $29,000 debt owing from Webb to the Hinsdale Bank.
On January 25, 1978, the First National Bank of Hinsdale had instituted proceedings to collect on the $29,000 note due from Webb to the Hinsdale Bank. In order to free up the money received from the cattle sales Webb agreed to pass a substantial portion of the cattle sale proceeds over to the Hinsdale Bank in return for a dismissal of that action. In order to obtain the cash settlement the Hinsdale Bank discounted its claim to the sum of $4,273.26. The action instituted by the Hinsdale Bank was dismissed with prejudice. That action contained no issues other than the collection proceedings instituted by the Bank. Webb did not file an answer and did not allege any claims against the Bank by way of offset or counterclaim.
The majority opinion holds that dismissal of the collection suit instituted by the Bank settled the tortious interference claim that Webb had which was premised upon the fact that the Hinsdale Bank improperly asked that its name be put on the check he was to receive for the sale of his cattle. Webb contended that the cattle did *167 not secure his loan with the Hinsdale Bank and that the Bank was not entitled to any of those proceeds as a matter of lien. In this case Webb contends that the Bank tortiously interfered with his contractual relationships with the Glasgow Livestock Company by improperly claiming an interest in his cattle sales. This claim formed no part of the collection suit instituted by the Hinsdale Bank against Webb and therefore the dismissal with prejudice of the Bank’s claim in that case, settled nothing with respect to Webb’s tortious interference claim.
The defendant Bank seeks to shore up its argument by contending that the affidavit of Webb’s attorney shows that Webb and the Bank intended to settle all claims including the tortious interference claim that Webb had against the Bank. This argument should fail for the following reasons:
1. The record in the collection case is clear and needs no explanation. The dismissal with prejudice could do no more than settle the claims pending in that action. Since a counterclaim for tortious interference would not be a compulsory counterclaim the issue involved in this case could have in no way been a part of that first litigation instituted by the Hinsdale Bank.
2. Any communications between Webb and his attorney with respect to what was involved in the dismissal with prejudice, are privileged and cannot be used against Webb. I am at a loss to understand how Webb’s attorney reconciles his affidavit with the canons of ethics.
3. Even if the attorney’s affidavit could be considered, the facts stated therein are disputed by Webb so that a summary judgment would not be proper.
In summary, dismissal with prejudice of the collection suit did not settle Webb’s separate claim for tortious interference with contract rights. It could not; it did not. Summary judgment should be reversed and the matter remanded for trial.